# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| DONNA S. DALTON, | ) | |
| Plaintiff, | ) | |
| vs. | ) | 1:09-cv-648-SEB-TAB |
| MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, | ) ) ) ) | |
| Defendant. | ) | |

## Entry Granting Petition for Attorney's Fees

Plaintiff Dalton's petition under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(A), for attorney's fees (dkt 25) is **granted.** Dalton seeks an award of attorney's fees in the amount of $4,334.25, to which the defendant does not object.

The only dispute between the parties is to whom the payment should be made. Counsel for Dalton urges the court to order the defendant to make the payment directly to counsel because Dalton assigned her rights to the EAJA fees to her attorney. The United States Supreme Court has recently addressed this very issue. "The fact that the statute awards to the prevailing party fees in which her attorney may have a beneficial interest or a contractual right does not establish that the statute "awards" the fees directly to the attorney." *Astrue v. Ratliff*, 130 S.Ct. 2521, 2526 (2010) (holding that an award of fees under the EAJA is payable to the litigant, not to the attorney).

In *Rafliff,* the Supreme Court recognized that the government may pay EAJA awards directly to attorneys *after* determining that the litigant, in this case Dalton, owes no debt to the federal government, and if there is a valid assignment. *Id.* at 2528-29. Dalton has assigned the EAJA fees to her attorney. The defendant shall pay any fees not withheld to offset a preexisting debt to the federal government directly to Dalton's attorney.

A separate Order consistent with the foregoing shall now issue.

**IT IS SO ORDERED.**

Date: 09/23/2010

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana